Wallace WILLIAMS, Sr., Petitioner,

v.

The STATE of Oklahoma and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13521.

Court of Criminal Appeals of Oklahoma.

July 1, 1964.

Wallace Williams, Sr., pro se.

Charles Nesbitt, Atty. Gen., for respondent.

NIX, Judge.

This is an original proceedings by the petitioner, Wallace Williams, Sr., seeking his release from the penitentiary by Writ of Habeas Corpus.

This petition was filed forma pauperis, with a formal request to appoint counsel to represent petitioner for this appeal. This was not done, inasmuch as this Court does not have authority nor the funds to grant such a request.

This cause was subsequently set for hearing on June 3, 1964, and submitted on the record.

In the petition, it is alleged that the petitioner is restrained of his liberty under a void proceeding, judgment and sentence entered against him in the District Court of Blain County, for want of jurisdiction, contending the crime occurred on "Indian Land" and that the United States Congress by statute fixed exclusive jurisdiction in the United States Courts in cases of this character. Said judgment and sentence was entered in cause 1973 on May 3, 1960. Said cause has never been appealed to this Court, or any question of jurisdiction raised in the trial court or in this Court. The statutes of limitations had conveniently run out when petitioner elected to file this petition in the instant case.

We have recently passed squarely on this issue in the case of Ellis v. State, Okl.Cr.,

386 P.2d 326, handed down October 10, 1963, in which this Court held:

"Where Indian pleads guilty to information charging rape in first degree and no jurisdictional question is raised until after more than three years have elapsed so as to bar prosecution in either state or federal court, the jurisdiction of the state court can not be challenged in collateral proceeding in habeas corpus on ground that land on which offense was committed was restricted Indian allotment and that the person assaulted was a restricted Indian."

"When information charges crime of rape was committed in Cotton County, the jurisdiction of the court is an issue in the trial court; the plea of guilty by accused who appears with counsel and the finding of guilt and sentence of accused upon his plea of guilty is conclusive finding of jurisdiction and such finding may not be attacked in a collateral proceeding. * * *"

 The Ellis case, supra, amply covers all points regarding Indian Land, stating:

"Where tribes occupying reservation ceded lands embraced within it to United States, relinquishing and surrendering all their claim, title and interest subject to allotments in severalty, and every allotee was given benefit of and made subject to laws, both criminal and civil, of state or territory, with gift of citizenship and equal protection of laws, Congress thereby intended to dissolve tribal reservation, and assimilate the Indians as citizens of state or territory. O.S.1961 Const. Art. 1, § 3; 18 U.S.C.A. §§ 1151–1153.

And further:

"Deliberate choice of phrase 'within any Indian reservation under the jurisdiction of the United States Government' by Congress in determining the term 'Indian country' indicated a congressional disposition to restrict federal jurisdiction to organized reserva-

tions lying within a state. 18 U.S.C.A. § 1151."

The lands and Indians herein involved not being within an Indian Reservation as defined above, are therefore not within the jurisdiction of the federal court, but are within the jurisdiction of the State of Oklahoma.

Based on the above, the petition for Writ of Habeas Corpus is accordingly denied.

JOHNSON, P. J., concurs.

BUSSEY, J., not participating.